UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUONA PEREZ,<br><br>       Plaintiff,<br><br>-against-<br><br>THE OF COMPANY HOSPITAL PRESBYTERIAN THE ALLIED HOSPITAL,<br><br>       Defendant. | 1:17-CV-9649 (CM)<br><br>ORDER |

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, who appears *pro se*, brings a motion seeking unspecified relief. The Court construes the motion as seeking relief from a judgment or order under Rule 60(b) of the Federal Rules of Civil Procedure. For the reasons discussed below, the Court denies the motion.

## BACKGROUND

By order dated February 14, 2018, the Court granted Plaintiff leave to file an amended complaint "in which she clearly asserts state-law claims . . . and alleges facts showing why those claims satisfy the jurisdictional amount for a diversity action." (ECF 4, p. 3.) The Court warned Plaintiff that if she did not comply with that order, the Court would dismiss the action for lack of subject-matter jurisdiction. (*Id.* p. 4-5.) Because Plaintiff failed to file an amended complaint, by order and judgment issued and entered on June 12, 2018, the Court dismissed this action for lack of subject-matter jurisdiction. (ECF 5; ECF 6.) Plaintiff appealed. But on January 10, 2019, the United States Court of Appeals for the Second Circuit dismissed the appeal, effective January 31, 2019, because of Plaintiff's failure to seek *in forma pauperis* status on appeal or pay the relevant fees to bring her appeal. *Perez v. N.Y. Presbyterian Hosp.*, No. 18-3570 (2d Cir Jan. 10, 2019).

On August 9, 2019, Plaintiff filed the present motion. Plaintiff's motion is difficult to understand, and it does not seek any specific relief. But in light of Plaintiff's *pro se* status and the

date on which Plaintiff filed the motion, the Court construes the motion as seeking relief from the Court's June 12, 2018 order and judgment under Rule 60(b) of the Federal Rules of Civil Procedure.

## DISCUSSION

Under Rule 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b). A motion seeking relief under Rule 60(b)(1), (2), or (3) must be brought within one year after the entry of the order or judgment being challenged. *See* Fed. R. Civ. P. 60(c)(1).

Plaintiff challenges an order and judgment entered on June 12, 2018. She did not file her motion until August 9, 2019, more than one year after the relevant order and judgment were entered. Thus, to the extent that Plaintiff seeks relief under Rule 60(b)(1), (2), or (3), the Court denies that relief as time-barred.

Even if no portion the motion was time-barred, under a liberal interpretation of the motion, Plaintiff has failed to allege any facts showing that any of the grounds listed in the first five clauses of Rule 60(b) apply. Accordingly, to the extent that Plaintiff seeks relief under Rule 60(b)(1)-(5), the Court denies that relief.

"[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v.*

*Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)) (alteration in original, internal quotation marks omitted). A person seeking Rule 60(b)(6) relief must show both that his motion was filed within a "reasonable time" and that "extraordinary circumstances [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (internal quotation marks and citation omitted).

Plaintiff has failed to allege any facts demonstrating that extraordinary circumstances exist to warrant relief under Rule 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950). Thus, to the extent that Plaintiff seeks relief under Rule 60(b)(6), the Court denies that relief as well.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The Court construes Plaintiff's motion (ECF 9) as one seeking relief from the Court's June 12, 2018 order and judgment under Rule 60(b) of the Federal Rules of Civil Procedure. The Court denies the motion.

The Clerk of Court is also directed to accept no further submissions from Plaintiff under this docket number, except for papers directed to the United States Court of Appeals for the Second Circuit.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is further directed to docket this order as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: November 15, 2019
New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge